UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE EVANS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-04068-WTL-MJD ) |
| WARDEN, | ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Steve Evans for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-06-0225. For the reasons explained in this Order, Mr. Evans's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 28, 2016, a kitchen worker witnessed Mr. Evans passing a note to another inmate while in line for food. The note was confiscated and forwarded to Investigator A. Mills. The same day, Investigator A. Mills wrote a Conduct Report charging Mr. Evans with a violation of A-111/113 for conspiracy to/attempting/aiding or abetting trafficking. The Conduct Report states:

> On 10/28/16 after the lunch chow, Officer S Hall brought a note to my office for review. It was reported that the note was confiscated from another offender after Offender Evans, Steve 951691 (21B-2A) passed it to that offender during chow. The note indicates it was written by "Lil Yogi" and addressed to "Coco". Offender Evans is known to go by the moniker "Yogi". I compared hand writing examples for Offender Evans against the hand writing on the note. I am confident that Offender Evans wrote the note that was confiscated. Upon reviewing the contents of the note, I discovered that Offender Evans was attempting to get "K-de" (a street name for K-2 or Spice) and "strips" (Suboxone strips) into the facility. This note is clear evidence that offender Evans was conspiring or attempting to Traffick the controlled Substances "K-2" and/or "Suboxone" into the facility and as such is a violation of ADP code A-111/113 Attempting/Conspiring to commit Trafficking.

Dkt. No. 8-1 at 1.[1] A copy of the note along with a statement from Officer Hall were attached to the Conduct Report. *Id.* Investigator Mills also completed an evidence record related to the confiscated note. Dkt. No. 8-1 at 2. A copy of the note, reproduced below, is provided as an exhibit to the respondent's Return. Dkt. No. 8-1 at 2.

---

[1] Mr. Evans's petition includes a conduct report and disciplinary hearing report from an unrelated disciplinary hearing No. CIC 17-06-0225.



Dkt. No. 8-1 at 2.  Officer Steve Hall also wrote an email to Investigator Mills, which stated:

> On 10/28/2016 I was given a hand written note by Sgt. Harris during the noon feed. Sgt. Harris stated to me that he received it from Aramark Supervisor Prince. I went to talk to Mr. Prince and he stated to me that he witnessed Offender Steven Evans hand the note to Offender Aris Brown. Mr. Prince then stated that he confiscated the note from Offender Brown and gave it to Sgt. Harris. After talking with Mr. Prince I turned the note over to I&I for further investigation.

Dkt. No. 8-1 at 3.  Investigator Mills also prepared a report of investigation of incident, which stated:

> On 10/28/2016, I, Investigator A Mills, was forwarded a note that was passed by Offender Steve Evans 951691 to Offender Aris Brown 226701 during the noon chow line. This note was confiscated by kitchen worker, Mr Prince. Officer S Hall brought the note to my officer for review. The note indicated it was intended for "CoCo" and from "Lil Yogi". Offender Evans is known to go by the nickname "Yogi". After comparing handwriting examples for Offender Evans with the hand writing in the confiscated note, I am confident that Offender Evans wrote the note. Upon reviewing the contents of the note, I discovered that Offender Evans is attempting/conspiring to Traffick controlled substances Spice and/or Suboxone in to the facility.

3

Dkt. No. 8-1 at 4.

Mr. Evans was notified of the charge on November 17, 2016, when he received the Screening Report. Dkt. No. 6-2. He pleaded not guilty to the charge, requested a lay advocate, and did not wish to call any witnesses. *Id.* He requested the video showing him passing the note as physical evidence, but his request was denied because there was no video of the incident. *Id.* Mr. Evans alleges that at screening, he asked to see a copy of the note. Dkt. No. 1 at 3.

The prison disciplinary hearing was held on November 28, 2016. According to the notes from the hearing, Mr. Evans stated: "I didn't take no kite to the chow hall when I could have gave the guy the note cause he lives in my dorm." Dkt. No. 6-4. Based on the staff reports and Mr. Evans's statement, the hearing officer found Mr. Evans guilty of A-111/113, conspiracy to/attempting to traffic. The sanctions imposed included one hundred eighty (180) days earned-credit-time deprivation and a credit class demotion.

Mr. Evans appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Evans asserts two grounds to challenge his prison disciplinary conviction, which can be restated as four grounds: (1) he was denied evidence; (2) sufficiency of the evidence; (3) the officials violated IDOC policy by holding his hearing 30 days after the incident occurred; and (4) no one else got written up for the offense. Dkt. No. 1. The respondent argues that Mr. Evans failed to exhaust his claims regarding the denial of evidence and that officials violated IDOC policy. Dkt. No. 6. The respondent also argues that Mr. Evans's due process rights were not

denied and there was "some evidence" to support his disciplinary conviction. *Id.* Mr. Evans did not file a reply, and the time to do so has passed.

### 1. Failure to Exhaust

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Evans failed to exhaust the administrative appeals process as to his claims regarding denial of evidence and IDOC violation, and because the time to complete such administrative appeals process has passed, no habeas relief on those grounds can be given. Because the undisputed record reflects that Mr. Evans failed to timely exhaust his available administrative remedies on the ground of the denial of the note as evidence and violation of IDOC policy before filing this action (*see* Dkt. No. 6-5), habeas relief is not available to Mr. Evans on the grounds of denial of the note as evidence and violation of IDOC policy.

### 2. Denial of Evidence

Mr. Evans argues that he was denied the video evidence he requested at screening. Dkt. No. 1 at 3. He also asserts that he requested a copy of the note at screening and was denied this evidence, but as discussed above, Mr. Evans failed to timely exhaust his remedies on this ground.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.*

(citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Here, there is no video. Where that evidence simply does not exist, it is impossible for IDOC to produce the evidence. Nor is Mr. Evans entitled to evidence that does not exist. As to the note, Mr. Evans fails to show that the note itself would have been exculpatory or material. The note is written by "Lil Yogi" and explains that his girl has some Kde and strips at her house, and he needed help bringing it into the prison. *See* Dkt. No. 8-1. Mr. Evans does not deny that he is "Lil Yogi." Thus, Mr. Evans's claim regarding a due process violation of denial of evidence must be rejected.

### 3. Sufficiency of the Evidence

Mr. Evans asserts there was insufficient evidence to convict him because there is no evidence he wrote the note.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-111 is entitled "Conspiracy/Attempting/Aiding or Abetting," and is defined as: "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Code Section A-113 is entitled "Trafficking," and is defined as: "[e]ngaging in trafficking (as defined in Ind. Code § 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Attempt is defined as "when an offender commits acts which showed a plan to violate…a Department or facility rule…when the acts occurred." *See* IDOC Disciplinary Code for Adult Offenders, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. IC 35-44.1-3-5 defines a person who commits trafficking to be "[a] person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility."

In the Conduct Report, Investigator Mills explained that Officer Hall had reported that the note was confiscated after Mr. Evans was seen passing it to another inmate. Officer Hall prepared an email that explained that he spoke to Aramark Supervisor Prince, who witnessed Mr. Evans handing the note to the other inmate. Investigator Mills also explained that Mr. Evans is known by the moniker "Yogi," and that he compared handwriting examples of Mr. Evans to confirm that the handwriting on the note belonged to Mr. Evans. The note itself explains that "Lil Yogi" has some Kde and strips at a house outside of the prison, and he needed help bringing it into the prison and would provide a cut. Investigator Mills explained that "K-de" and "strips" refer to K-2 or spice and suboxone strips. The Conduct Report, the statement from Officer Hall, and the note are

7

"some evidence," under *Ellison*, that Mr. Evans violated A-111/A-113 by conspiring to engage in trafficking.

4. No One Else Got Written Up

Mr. Evans's last ground for relief is that neither "CoCo," identified in the note, or inmate Aris Brown, from whom the note was confiscated, was charged with trafficking. He believes this is unfair. However, there is no due process right to be treated identically to one's partners in crime. *See Wolff*, 418 U.S. at 563–71; *Hill*, 472 U.S. at 454-57. Thus, Mr. Evans is also not entitled to habeas relief on this ground. *See Estelle*, 502 U.S. at 67-68.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Evans to the relief he seeks. Accordingly, Mr. Evans's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/6/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

STEVE EVANS
951691
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

8

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov